**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **CARL HAMILTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 21 C 6373** |
| | ) | |
| **v.** | ) | **Magistrate Judge Jeffrey Cole** |
| | ) | |
| **ILLINOIS DEPARTMENT OF** | ) | |
| **HUMAN SERVICES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

The defendant has filed a motion to compel supplemented response to Interrogatories Nos. 2–4, 6, and 8–13 and Document Requests Nos. 1, 4, and 35. [Dkt. #31]. The plaintiff has responded, assuring the court that he will comply with his discovery obligations and provide full responses by November 21, 2022, the due date for the defendant's reply brief. As such, the plaintiff claims that the entering of an Order for a Motion to Compel will be moot as of Defendant's Reply date of November 21, 2022. While the court would like to simply accept plaintiff's assurances, the history of this matter – a history in which plaintiff concurs – makes that difficult, if not impossible.

The defendant's discovery requests were served way back on back on May 26, 2022, meaning the plaintiff's responses were due *five months ago* on June 26, 2022. Fed. Rules Civ. Proc. 33(b)(3), 34(b). Plaintiff missed that deadline – by a lot – and didn't provide responses until the middle of August. [Dkt. #32, at 1-2]. The defendant stewed over those responses – sketchy and vague as they were – for a month and on September 19th, informed the plaintiff they were deficient and explained how. [Dkt. #32-5, Page 4/5]. The parties had what they call a Local Rule 37.2 conference on October

3, 2022, during which plaintiff asked for another 21 days to complete the responses. Plaintiff blew that new deadline, meaning that after 5 months, he still hadn't managed to comply with his discovery responsibilities. Defendant complained, and then threatened to file a motion to compel motion. Plaintiff asked for more time again, and promised to have "something" for the defendant by November 4th. Plaintiff's counsel wrote, " If that doesn't work, then do what is best for you and your client. My office has been in touch with Mr. Hamilton a few times over the last two weeks and we are waiting for outstanding items." [Dkt. ##32-6, 32-7]. Of course, there was no "something" for the defendant on November 4th, and here we are, with plaintiff once again saying that another several days will solve everything. This history of broken promises and empty assurances calls to mind Justice Jackson's famous phrase, "a promise to the ear to be broken to the hope, a teasing illusion like a munificent bequest in a pauper's will." *Edwards v. California*, 314 U.S. 160, 186 (1941) (Jackson, J., concurring).

Having filed suit, the plaintiff has an *obligation* to comply with discovery. Noncompliance is not an option nor is indiscriminate stalling permissible. For better or worse, *see* Frank H. Easterbrook, "*Discovery as Abuse*," 69 B.U. L.Rev. 635, 639 (1989), we have notice-pleading in the federal litigation system. So, someone like the plaintiff can make some rather general allegations about suffering discrimination over the course of many years without many specifics. The idea is that all the specifics will be fleshed out in discovery. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)(pleading standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence . . . ."); *Swierkiewicz v. Sorema N. A*., 534 U.S. 506, 512 (2002)("This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."). So, now is the time for

2

details. If plaintiff was continuously discriminated against from 2006 through 2019 as he claims, he should have plenty of specifics for the defendant who has been rightfully asking for them for six months. Instead, the plaintiff has only offered a couple of vague examples, refusing to provide necessary details. [Dkt. ##32-1, 32-2].

Again the court would like to accept the plaintiff's assurance that he will make everything right next November 21st, but the court has its own obligations to move cases toward resolution, and judges' failures to properly monitor discovery are a source of constant criticism by courts. It is deemed to be the source of increased costs of litigation and accounts for much of the abuses by plaintiffs' and defendants' lawyers, alike. *See, e.g., Malautea v. Suzuki Motor Co. Ltd.*, 987 F.2d 1536 (11th Cir. 1993)(Roney, J., concurring); *Miller UK Ltd v. Caterpillar, Inc*., 17 F.Supp.3d 711, 721-22 (N.D.Ill. 2014). *See also* Victor Marrero, *The Costs of Rules, The Rule of Costs*, 37 Cardozo L.Rev. 1599 (2016); Frank H. Easterbrook , *Discovery as Abuse*, 69 B.U.L.Rev. 635, 639 (1989). *Cf. Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Swanson v. Citibank, N.A.*, 614 F.3d 400, 411–412 (7th Cir.2010); *Continental Insurance. Co. v. Chase Manhattan Mortgage Corp.*, 59 Fed.Appx. 830, 840 (7th Cir.2003). Costs to the parties here are one thing. But needless delays and needless disputes over routine discovery requests take the court's attention away from the many other cases waiting in the queue. *See Chicago Observer, Inc. v. City of Chicago*, 929 F.2d 325, 329 (7th Cir. 1991)("Litigation is costly not only for the litigants but also for parties in other cases waiting in the queue for judicial attention."). Worse, there is needless cost to the taxpayers who are subsidizing the resolution of plaintiff's lawsuit. *See Chapman v. First Index, Inc*., 796 F.3d 783, 787 (7th Cir. 2015)(the public should not be made to subsidize needless disputes); *Gunn v. Stevens*

*Security & Training Servs., Inc.*, 2018 WL 1737518, at \*3 (N.D. Ill. 2018)("Here, the taxpayers have been made to subsidize a discovery dispute needlessly.").

Accordingly, so there will be no mistake about what is expected of plaintiff on November 21, 2022, the defendant's motion [Dkt. #31] is granted. Additionally, plaintiff should consider himself "warned." *See Halas v. Consumer Servs., Inc.*, 16 F.3d 161, 165 (7th Cir. 1994)("It is axiomatic that the district court need not impose a lesser sanction prior to assessing the sanction of dismissal."); *Hal Commodity Cycles Mgmt. Co. v. Kirsh*, 825 F.2d 1136, 1139 (7th Cir. 1987)("A district court is not required to fire a warning shot" before imposing the sanction of dismissal).

ENTERED: _____

UNITED STATES MAGISTRATE JUDGE

**DATE:** 11/17/22

4